UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CURTIS BAILEY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-4015** |
| **BURL CAIN** | **SECTION "I"(2)** |

### REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary. See 28 U.S.C. § 2254(e)(2).[1] For the following reasons, I recommend that the instant petition for habeas corpus relief be **DISMISSED WITH PREJUDICE**.

---

[1] Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

I.     FACTUAL AND PROCEDURAL BACKGROUND

The petitioner, Curtis Bailey, is currently incarcerated in the Louisiana State Penitentiary in Angola, Louisiana, for a conviction <u>other than the one</u> challenged here.[2] In the case under review, on November 17, 1989, Bailey and a co-defendant, Vincent Bailey, were charged by bill of information in Jefferson Parish with possession of cocaine.[3] The State eventually dismissed the charge against Vincent Bailey as part of a plea agreement with Curtis Bailey.[4]

On December 13, 1990, Bailey entered a guilty plea and was sentenced to three years in prison, which was suspended.[5] Instead, he was placed on three years active probation and fines were imposed. Bailey's conviction became final five days later, on December 20, 1990, because he did not file a notice of appeal or seek reconsideration of his sentence.[6] Caldwell v. Dretke, 429 F.3d 521, 529 (5th Cir. 2005) (a judgment

---

[2] Rec. Doc. Nos. 1 and 6. Bailey's current incarceration is based upon his conviction and sentence in 1995 on racketeering and drug charges and as a multiple offender. State v. Bailey, 713 So.2d 588 (La. App. 5th Cir. 1998), writ denied, 723 So.2d 971 (La. 1998).

[3] St. Rec. Vol. 1 of 3, Bill of Information, 11/17/89.

[4] Id. (handwritten notation dated 12/13/90); Plea Transcript, pp. 12-13, 12/13/90.

[5] St. Rec. Vol. 1 of 3, Plea Transcript, 12/13/90; Sentencing Minutes, 12/13/90; Defendant's Acknowledgment of Constitutional Rights and Waiver of Rights on Entry of a Plea of Guilty, 12/13/90.

[6] Failure to move timely for appeal under La. Code Crim. P. art. 914 renders the conviction and sentence final at the expiration of the period for filing the motion for appeal. State v. Counterman, 475 So.2d 336, 338 (La. 1985). At the time, La. Code Crim. P. art. 914 required that a criminal defendant move for leave to appeal within five days of the order or judgment that was being appealed or of a ruling

imposing probation becomes final at the conclusion of direct review or the expiration of the time for seeking such review); Cousin v. Lensing, 310 F.3d 843, 845 (5th Cir. 2002) (petitioner's guilty pleas became final at the end of the five-day period for filing a notice of appeal under La. Code Crim. P. art. 914); La. Code Crim. P. art. 13 (weekends and holidays not included in a calculation of period less than seven days).

While still on probation, Bailey was arrested for possession of stolen property and possession of cocaine on December 14, 1992.[7] Based on this arrest, and numerous other probation violations, Bailey's sentence of probation was revoked on March 25, 1993, and the court made the original three-year prison sentence executory with credit for time served.[8]

More than seven months later, on November 5, 1993, Bailey's counsel moved for leave to file a writ application for review of the probation revocation in the Louisiana Fifth Circuit.[9] The Louisiana Fifth Circuit denied relief on January 10, 1994, finding no

---

on a timely motion to reconsider a sentence. Article 914 was later amended by La. Acts 2003, No. 949, § 1 to provide 30 days for filing of the notice of appeal.

[7]St. Rec. Vol. 1 of 3, Rule to Revoke Probation, 1/14/93; Probation Detainer Action Form (undated); Amended Rule to Revoke Probation, 3/8/93.

[8]St. Rec. Vol. 1 of 3, Minute Entry, 3/25/93; Revocation Hearing Transcript, p. 70, 3/25/93.

[9]St. Rec. Vol. 1 of 3, Notice of Intent, 11/5/93; Trial Court Order, 11/10/93.

3

abuse of discretion in the revocation proceeding.[10] The Louisiana Supreme Court denied counsel's related writ application without stated reasons on March 18, 1994.[11]

Based on his 1992 arrest, Bailey was eventually convicted in 1995 on ten felony counts, including one count of racketeering, for which he received a prison sentence of 50 years; seven counts of attempted possession of cocaine, for which he was sentenced to two and one-half years in prison on each count; and one count of distribution of cocaine, for which he received a prison sentence of 15 years. State v. Bailey, 713 So.2d 588, 592 (La. App. 5th Cir. 1998). Using the old 1990 possession of cocaine conviction, the state trial court sentenced Bailey on February 29, 1996, as a second offender, enhancing his sentence to 50 years in prison, without parole, probation or suspension of sentence on the racketeering charge, under the Louisiana habitual offender law. State v. Bailey, 713 So.2d at 596. These convictions and sentences were conditionally affirmed, pending remand for a hearing on one aspect of a motion for new trial. Id.[12]

Twelve years later, on June 20, 2008, Bailey's retained counsel filed a motion in the state trial court requesting leave to withdraw the guilty plea entered on December 13,

---

[10]St. Rec. Vol. 1 of 3, 5th Cir. Order, 93-KH-987, 1/10/94.

[11]State v. Bailey, 634 So.2d 856 (La. 1994); St. Rec. Vol. 3 of 3, La. S. Ct. Order, 94-KK-0213, 3/18/04; La. S. Ct. Writ Application, 94-KK-0213, 1/25/94.

[12]See also, State v. Bailey, 723 So.2d 588 (La. 1998); State v. Bailey, 836 So.2d 710 (La. App. 5th Cir. 2002) (Table); State v. Bailey, 842 So. 2d 1098 (La. 2003).

1990, as having been made without a knowing waiver of his constitutional rights.[13] The state trial court denied the motion on July 1, 2008, finding that Bailey's conviction was no longer subject to attack.[14] The court also found that Bailey's sentence as to his 1990 guilty plea had been fully served, and he was no longer in custody for purposes of that conviction.

Bailey's counsel sought review of this order in the Louisiana Fifth Circuit.[15] The court denied the writ application on October 2, 2008.[16] The court held that Bailey was in custody for purposes of review under state law because his 1990 sentence had been used to enhance his current sentence. The court, however, agreed that the motion had been filed untimely under state law governing applications for post-conviction relief. Alternatively, the court found the application to be without merit.

On October 9, 2009, the Louisiana Supreme Court denied Bailey's subsequent writ application without stated reasons.[17]

---

[13]St. Rec. Vol. 2 of 3, Motion to Withdraw Constitutionally Infirm Guilty Plea, 6/20/08.

[14]St. Rec. Vol. 2 of 3, Trial Court Order, 7/1/08.

[15]St. Rec. Vol. 3 of 3, 5th Cir. Writ Application, 08-KH-638, 7/30/08.

[16]St. Rec. Vol. 2 of 3, 5th Cir. Order, 08-KH-638, 10/2/08.

[17]Bailey v. State, 19 So.3d 5 (La. 2009); St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2008-KP-2619, 10/9/09; La. S. Ct. Writ Application, 08-KP-2619, 11/5/08 (postal metered 11/3/08); St. Rec. Vol. 2 of 3, La. S. Ct. Letter, 2008-KP-2619, 11/6/08 (showing postal meter 11/3/08).

## II. FEDERAL HABEAS PETITION

On October 15, 2010, the clerk of this court filed Bailey's federal habeas corpus petition, in which he alleged that his 1990 guilty plea should be withdrawn as constitutionally infirm because he was not advised of his right to confront accusers, his right against self-incrimination and his right to a jury trial.[18]

The State filed a response in opposition to Bailey's petition, arguing that the case should be dismissed for lack of jurisdiction, because Bailey is no longer in custody based upon the 1990 conviction and sentence, which he has already fully served.[19] The State also argues that Bailey's petition is not timely filed and that the claims are otherwise procedurally barred from review.

Bailey filed a traverse to the State's opposition memorandum, arguing that this court should consider the merits of his claims, because Louisiana law allowed him an avenue by which he could challenge the prior guilty plea as constitutionally infirm when it was used to enhance his current sentences under the Louisiana habitual offender law.[20]

---

[18]Rec. Doc. 1, p. 5; Rec. Doc. No. 1-2, p. 9.

[19]Rec. Doc. No. 5.

[20]Rec. Doc. No. 6.

III.    GENERAL STANDARDS OF REVIEW

The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254. The AEDPA went into effect on April 24, 1996[21] and applies to habeas petitions filed after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). The AEDPA therefore applies to Bailey's petition, which, for reasons discussed below, is deemed filed in this federal court on September 16, 2010.[22]

The threshold questions in federal habeas review under the amended statute are whether the petitioner is in custody, whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a

---

[21]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[22]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). Bailey's petition was filed by the clerk of court on October 15, 2010, when he paid the filing fee. Bailey dated his signature on the petition on September 16, 2010. This is the earliest date he could have submitted it to prison officials for mailing. The fact that he paid the filing fee on a later date does not alter the application of the federal mailbox rule to his pro se petition. See Cousin v. Lensing, 310 F.3d 843 (5th Cir. 2002) (mailbox rule applies even if inmate did not pay the filing fee at the time of mailing) (citing Spotville, 149 F.3d at 374).

claim.  Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State argues that Bailey's petition is not timely filed.  While review of the record supports that conclusion, I find, as also argued by the State, that this court is without subject matter jurisdiction to consider Bailey's petition, at least insofar as it represents a direct challenge to his 1990 conviction, because he is no longer in custody on that conviction.  I also find that Bailey cannot receive federal habeas relief to whatever extent, if any, that he challenges the 1990 conviction as a basis for enhancement of the later sentences as to which he is currently incarcerated.

IV. SUBJECT MATTER JURISDICTION AS TO THE 1990 CONVICTION

28 U.S.C. § 2241(d) "gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'"  Maleng v. Cook, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3)) (emphasis added); 28 U.S.C. § 2254(a).  Thus, to be eligible for federal habeas corpus relief, a petitioner must be "in custody" and must have exhausted his available state court remedies.  Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir. 1987).  The United States Supreme Court has interpreted this statutory language to require that the habeas petitioner be in custody at the time the petition is filed for the conviction or sentence under attack.  Lackawanna

County Dist. Attorney v. Coss, 532 U.S. 394, 400-401 (2001).  In the case of convictions with concurrent sentences, a prisoner is considered to be "in custody" on the convictions for the longest of the concurrent sentences imposed.  Lydy v. Beto, 399 F.2d 59, 61 (5th Cir. 1968).

Thus, to be eligible for federal habeas corpus relief, a petitioner must be "in custody" and must have exhausted his available state court remedies.  Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir. 1987).  Whether a petitioner is "in custody" is determined as of the date on which the federal habeas petition is filed.  Spencer v. Kemna, 523 U.S. 1, 7 (1998); Carafas v. LaVallee, 391 U.S. 234, 238 (1968); Port v. Heard, 764 F.2d 423, 425 (5th Cir. 1985).  When the jurisdictional prerequisite of custody is met at the time of filing, jurisdiction is not defeated by the petitioner's subsequent release from custody.  Carafas, 391 U.S. at 238; Port, 764 F.2d at 425.

Bailey's petition is deemed filed in this court under the "mailbox rule" on September 16, 2010.  Although he was incarcerated at that time, I find that he was <u>not</u> in custody on the filing date for the conviction he is now challenging.

When Bailey's probation as to the 1990 guilty plea he now challenges was revoked on March 25, 1993, he was ordered to serve the previously imposed but suspended three-year prison sentence, with credit for time served.  The state trial court made no provision for that sentence to run concurrently with any other sentence.

9

Louisiana law provides in relevant part that sentences of imprisonment for unrelated crimes "shall be served <u>consecutively</u> unless the court expressly directs that some or all of them be served concurrently." (emphasis added) La. Code Crim. P. art. 883; see <u>State v. Sanders</u>, 734 So.2d 1276-1278-79 (La. App. 5th Cir. 1999) (La. Code Crim. P. art. 883 provides for consecutive sentences for sentences imposed for separate crimes).

With regard to sentences imposed upon revocation of probation, and where the defendant is eventually convicted of another crime, as in Bailey's case, "the sentence shall run <u>consecutively</u> with the sentence for the new conviction, unless the court originally imposing the suspension or probation specifically orders that said sentences are to be served concurrently, in which case the court minutes shall reflect the date from which the sentences are to run concurrently." (emphasis added) La. Code Crim. P. art. 901(a), (c)(2). In other words, unless the first state court declares that a sentence after the revocation of probation is to run concurrently with a sentence imposed upon conviction for another a crime, the sentences by law run consecutively. See <u>State v. Boudreaux</u>, 11 So.3d 1190, 1195 (La. App. 3d Cir. 2009) ("Because the sentencing judge in the [revocation] did not order that the sentence run concurrently with the sentence that might be imposed on the instant conviction, the provisions of La. Code Crim. P. art. 901(C)(2) mandate that the latter sentence be consecutive.")

In this case, Bailey's probation revocation sentence was not deemed to run concurrently with anything else. Significantly, Bailey was not yet at that time serving a sentence for, or even convicted of, racketeering or the later drug charges when his probation revocation sentence was imposed. His three-year sentence based upon his 1990 guilty plea therefore ran to conclusion on its own. Based on the record before this court, it expired before Bailey was even sentenced in the racketeering case.

Bailey was not sentenced on the racketeering and other drug convictions until almost three years later, on February 29, 1996. Thus, when his current sentence was imposed in the later case, Bailey already had completed his earlier three-year sentence, when considering credit for time served.[23] More importantly, as Bailey concedes, by the time he submitted the instant federal petition for habeas corpus relief on September 16, 2010, he clearly was no longer serving a sentence for the 1990 possession of cocaine conviction, based upon his guilty plea, which he now challenges.[24]

---

[23]For purposes of credit for time served, and notwithstanding any time served prior to his guilty plea in 1990, the record reflects that Bailey was incarcerated from his arrest on December 14, 1992 until his probation revocation on March 25, 1993. The probation violation detainer was placed against him on December 15, 1992. St. Rec. Vol. 1 of 3, Detainer, 12/15/92. He would have received credit for this more-than-three months of detention toward service of his three-year sentence after the probation revocation. His sentence would have been completed several months prior to the sentencing on the racketeering and other drug convictions.

[24]Rec. Doc. No. 6.

Thus, Bailey is <u>not</u> in custody pursuant to, or for purposes of challenging, the 1990 conviction for possession of cocaine. This court, therefore, lacks subject matter jurisdiction to review his petition, insofar as it <u>directly</u> challenges the 1990 conviction, and the petition should be dismissed for that reason, without addressing the untimeliness or lack of merit of his current claim.

V.      ENHANCEMENT OF HIS CURRENT SENTENCE

Although the thrust of his written submissions is a direct challenge to his 1990 conviction based upon his guilty plea, Bailey's "traverse" to the State's opposition memorandum makes two references to the fact that his "prior conviction although expired, was used to enhance [his] current sentence" and "is the conviction that was used to enhance Bailey's presen[t] sentence." Record Doc. No. 6 at p. 4 of 7. Construed broadly, these assertions may indicate that he challenges his old conviction because it was used to enhance the sentence under which he is currently in custody.

As the United States Supreme Court held in <u>Lackawanna</u>, when a habeas petitioner is no longer serving the sentences imposed pursuant to his old convictions, he cannot bring a federal habeas action directed solely at challenging those convictions. However, where his current Section 2254 petition can be (and has been) construed as asserting a challenge to the <u>sentence</u> he is currently serving, <u>as enhanced</u> by the allegedly invalid old convictions, he satisfies the "in custody" requirement for jurisdictional purposes. 534

U.S. at 401-02. In Lackawanna, however, the Supreme Court also held that, although jurisdiction to consider such a claim exists, relief is generally unavailable to a state prisoner through a petition for a writ of habeas corpus when the prisoner challenges a current sentence on the ground that it was enhanced based on an allegedly unconstitutional prior conviction for which the petitioner is no longer in custody. "[W]e hold that once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. . . . If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." Id. at 403-04 (citation omitted) (emphasis added).

In Lackawanna, the Supreme Court recognized a single exception to this rule relating to Sixth Amendment claims of failure to appoint counsel. No such claim is made in this case, and I am unaware of any exception to the rule that would apply to the Boykin claim that Bailey makes in this case.[25]

---

[25]As explained by the Sixth Circuit in Abdus-Samad v. Bell, 420 F.3d 614, 630 (6th Cir. 2005), a three-justice plurality of the Lackawanna Court speculated that other exceptions to this rule of federal habeas non-reviewability might exist in other circumstances, including (1) where a state court, without justification, has refused to rule on a properly presented constitutional claim, and (2) where a defendant subsequently obtains compelling evidence of his actual innocence. In Bailey's case, the state appellate

13

Accordingly, this court may not revisit Bailey's prior conviction based upon his 1990 guilty plea to possession of cocaine, which is "regarded as conclusively valid." Id. at 403. Federal habeas relief is unavailable to Bailey's challenge of the use of this old conviction to enhance the sentence he is currently serving.

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that the petition of Curtis Bailey for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v.

---

court fully and in detail addressed and rejected his claim that his guilty plea in 1990 was unconstitutionally obtained and therefore should not have been used to enhance his current sentence. Bailey, 713 So.2d at 610-12. There is no evidence or even suggestion of actual innocence.

United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[26]

        New Orleans, Louisiana, this   23rd   day of March, 2011.

                                JOSEPH C. WILKINSON, JR.
                              UNITED STATES MAGISTRATE JUDGE

---

[26]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.